FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ NOV 14 2019 ★
BROOKLYN OFFICE
RD 11/14/19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

FRANCISCO MORALES,

          Plaintiff,

    -against-

USA,

          Defendants.

-----------------------------------------------------------x

**OPINION & ORDER**

19-mc-1522 (NG)

**GERSHON, United States District Judge:**

On May 7, 2019, *pro se* petitioner Francisco Morales filed a motion seeking to seal or expunge his prior conviction in *United States v. Morales*, 05-cr-662 (NG). Petitioner's motion states, in relevant part, "I have a son, Joel Morales, he's in jail for 10 year[s] and he didn't [receive a] visit. I wanted to visit him, to see how[] he['s] doing. [A]nd what can I do?" The government opposed petitioner's motion on August 26, 2019, arguing that this court lacks subject matter jurisdiction to expunge a valid conviction. Petitioner did not submit a reply to the government's opposition.

By way of background, petitioner pleaded guilty on October 5, 2005 to a one-count information charging him with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(i). On June 4, 2007, petitioner, who qualified for safety-valve relief, was sentenced to 54 months imprisonment and five years of supervised release. Though petitioner initially appealed his conviction, he later withdrew his appeal with prejudice. Petitioner does not now challenge the validity of his conviction or sentence.

The government assumes, reasonably, that petitioner seeks to expunge or seal his record because he has not been permitted to visit his son in prison as the result of petitioner's own prior conviction. The government further suggests that the petition may generously be read as a challenge to the legality of the policies that may prevent petitioner from visiting his son. I do not, however, read the petition as being so broad, and, because petitioner did not reply, I am unable to determine whether the government is correct in this second assumption. This decision therefore addresses only petitioner's motion to expunge or seal his conviction.

Absent congressional authorization, federal courts do not have subject matter jurisdiction to seal or expunge a valid conviction. *See, e.g., Doe v. United States*, 833 F.3d 192, 195 (2d Cir. 2016), *vacating* 110 F. Supp. 3d 448 (E.D.N.Y. 2015); *United States v. King*, 2017 WL 4326492, at *1 (E.D.N.Y. Sept. 28, 2017); *United States v. Lazreg*, 2016 WL 4939310, at *3 (E.D.N.Y. Sept. 14, 2016). Expungement of federal convictions is permitted by statute only in limited circumstances that are inapplicable here. *See* 18 U.S.C. § 3607(c) (permitting expungement of convictions for certain drug offenders who have been placed on prejudgment probation and were under the age of twenty-one at the time of the offense). Because this court's lack of subject matter jurisdiction prevents me from considering it, petitioner's motion is denied without prejudice.

The Clerk of Court is directed to close the case.

**SO ORDERED.**

/s/ *Nina Gershon*
**NINA GERSHON**
**United States District Judge**

November 14, 2019
Brooklyn, New York